RHONE POULENC, INC. AND RHONE POULENC S.A., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Before LANDIS, *Judge.*

Court No. 81-1-00079

(Dated September 29, 1981)

*Donohue and Donohue* (*Joseph F. Donohue* and *John M. Peterson* on the briefs) for the plaintiffs.

*J. Paul McGrath*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch (*Velta A. Melnbrencis* on the briefs), for defendant.

LANDIS, *Judge:* This action, instituted pursuant to section 516A (a)(2) of the Tariff Act of 1930 as amended (19 U.S.C. § 1516a(a)(2)) seeks judicial review of a less than fair value (LTFV) determination of the United States Department of Commerce, International Trade Administration (Commerce), (45 FR 77498), and a finding of a threat of material injury by the United States International Trade Commission (Commission) (46 FR 176) involving the alleged dumping of Anhydrous Sodium Metasilicate from France.

Plaintiffs move for an order granting access to the following confidential documents: Document Nos. 3(a), 5, 6(b), 7, 8(a), 8(d), 8(f), 8(g), 8(h), 8(i), 8(k), 8(l), 8(m), 8(n), 8(o), 8(q), and 10 listed on List No. 2, part of the administrative record filed with the Court in this case in connection with the United States International Trade Commission's Investigation No. 731–TA–25 (Preliminary); and Document Nos. 1, 2, 5, 6, 8, 9, 12, and 13(a) through 13(e), listed on List No. 2, part of the administrative record filed with this Court in this case in connection with the United States International Trade Commission's Investigation No. 731–TA–25 (Final).

Defendant cross-moves for a protective order and opposes plaintiffs' motion for disclosure of the documents aforementioned [1] on the grounds that plaintiffs have not demonstrated a need for these documents and that disclosure of the confidential business information may have a chilling effect on future Commerce and Commission investigations which rely heavily on confidential business information obtained by questionnaires.

The documents in issue report on the production of domestic producers, as such, the information contained therein is directly related to an assessment of whether there is material injury or a threat of material injury, and, consequently, germane to the major issues of the present action.

Accordingly, upon reading plaintiffs' motion to examine confidential documents submitted to the court as part of the administrative record of the proceeding before the International Trade Commission and the opposition and cross-motion for protective order by the defendant United States, and plaintiffs' response to the cross-motion, it is hereby

1. ORDERED that said plaintiffs' motion and said defendant United States' cross-motion be, and the same hereby are granted to the ex-

---

[1] The Government does not object to the release under protective order of documents 7 and 10 on List No. 2 in Investigation No. 731–TA–25 (Preliminary) or to the release under protective order of documents 1, 2 and 5 on List No. 2 in Investigation No. 731–TA–25 (Final).

tent indicated and subject to the terms and conditions set forth below; and

2. ORDERED that within fifteen (15) days from the date of entry of this order, the Clerk of this Court shall make available to plaintiffs' outside counsel, Donohue and Donohue, at the offices of the Clerk, for purposes of examining and copying, the following documents:

A. Documents Nos. 3(a), 5, 6(b), 7, 8(a), 8(d), 8(f), 8(g), 8(h), 8(i), 8(k), 8(l), 8(m), 8(n), 8(o), 8(q), and 10 listed on List No. 2, part of the administrative record filed with the Court in this case in connection with the United States International Trade Commission's Investigation No. 731–TA–25 (Preliminary); and

B. Documents Nos. 1, 2, 5, 6, 8, 9, 12, and 13(a) through 13(e), listed on List No. 2, part of the administrative record filed with the Court in this case in connection with the United States International Trade Commission's Investigation No. 731–TA–25 (Final).

3. Counsel for plaintiffs and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or (subject to continued safeguards to preserve confidentiality) any remand or appeal of this matter. Wherever used in this Order, the term "this litigation" shall be deemed to include remand or appeal resulting therefrom.

4. If in the opinion of plaintiffs' counsel, it becomes necessary to consult with experts independent of the industry involved in evaluating the confidential information, counsel will not contact such experts without first notifying and conferring with counsel for defendant United States concerning the suitability of such experts. If after seven days following notification of defendant's counsel, counsel for the respective parties cannot agree upon a suitable expert, plaintiffs' counsel may submit the matter to the court for resolution. Such experts, once decided upon, shall agree not to disclose any of the confidential information to anyone other than to the counsel who consulted with them or counsel's office personnel actively assisting in this litigation, and then for purposes of this litigation only; and experts so consulted shall first sign a statement submitting themselves to the jurisdiction of the Court of International Trade and such reasonable sanctions as the court may hold appropriate in the event of a breach of the conditions of this protective order by them.

5. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, or employees of plaintiffs or the interested parties.

6. Counsel for plaintiffs shall maintain a record of any and all copies of confidential information made, to whom they are provided and

when they are returned. All such copies shall be clearly labelled as containing confidential information and that they are to be returned at the conclusion of this litigation.

7. Any documents, including briefs and memoranda, containing any of the confidential information, which are filed with the court in this case, shall be conspicuously marked as containing information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed.

8. Any briefs or memoranda containing confidential information shall be served upon the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the name(s) of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information has been deleted.

9. Upon conclusion of this litigation or any appeal or remand of this matter, counsel for plaintiffs and the interested parties shall (a) return all copies of the confidential documents obtained under this Order and the record required to be maintained under paragraph 6 above; and (b) destroy all other documents (including documents held by persons authorized under this Order to have access thereto) containing the confidential information.